IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| GEORGE J. HORAK, III and<br>CLIMATE ENGINEERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>REAMES AND SON<br>CONSTRUCTION COMPANY, INC.,<br><br>    Defendant. | Civil Action No. 7:14-CV-6 (HL) |

# ORDER

This case is before the Court on Defendant's Re-Stated Motion to Dismiss. (Doc. 25). For the reasons discussed below, the Court denies the motion.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff George J. Horak, III ("Horak"), an employee of Climate Engineers, Inc. ("Climate Engineers"), arrived at Defendant Reames and Son Construction Company, Inc.'s ("Reames") facility on January 10, 2012, to perform requested welding services. (Doc. 23, ¶¶ 7-8). In order to complete the welding project, Horak required use of a stable platform. (Doc. 23, ¶ 9). Reames employees erected a platform that they represented as safe for Horak's purpose. (Doc. 23, ¶ 10). The platform subsequently failed, causing Horak to fall in excess of twenty feet and to suffer extensive personal injuries. (Doc. 23, ¶¶ 11-12).

As a result of the fall, Horak sustained fractures to his femoral head, left thigh, left/right rib, cervical and thoracic spine, and left wrist. (Doc. 23, ¶ 13). He also injured his left shoulder and back. (Doc. 23, ¶ 13). Climate Engineers paid and continued to pays Horak workers' compensation benefits under Iowa law. (Doc. 23, ¶ 14).

Horak and Climate Engineers initiated this action against Reames on January 10, 2014, alleging that Reames and its employees negligently constructed the platform from which Horak fell and that their negligence was the proximate cause of Plaintiffs' injuries and damages. (Doc. 1). Reames filed an Answer and Motion to Dismiss on March 14, 2014. (Docs. 5, 6). Plaintiffs filed their Second Amended Complaint by leave of Court on May 9, 2014. (Doc. 23). On May 30, 2014, Defendant filed its Re-Stated Motion to Dismiss (Doc. 25), which is now before the Court.

## II.   MOTION TO DISMISS STANDARD

When examining a motion to dismiss, the court shall accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271,1273 n. 1 (11th Cir. 1999). The court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin

County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)). Accordingly, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III. ANALYSIS

Plaintiffs raise a single cause of action against Defendant for negligence. Plaintiffs allege that upon undertaking the construction of the welding platform, Defendant and its employees had a duty to build a safe structure. As a result of Defendants' failure to create a platform fit for the purpose of completing the welding task and to warn Horak of the hazardous condition, Horak sustained extensive physical injuries. Defendant moves to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), arguing that Plaintiffs have failed to allege that Defendant owed them a duty. Defendant further moves to dismiss this action on the premise that Climate Engineers has failed to plead facts sufficient to establish its subrogation rights under Iowa law and that Plaintiffs have failed to join an indispensable party under Fed. R. Civ. P. 19(b).

#### A. Negligence Claim

Accepting the facts as plead by Plaintiffs as true, the Court finds that Plaintiffs' Complaint contains sufficient factual matter to support a plausible

negligence claim. Georgia law provides that "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises . . . safe." O.C.G.A. § 51-3-1. Plaintiffs allege that Defendant invited Horak onto the premises to complete a welding job. In order to perform the requested task, Horak required use of a platform, which Defendant agreed to build. Defendant's employees represented to Horak that the platform was safe. The platform subsequently failed while in use by Horak. As a result, Horak fell a great distance and suffered numerous injuries for which Plaintiffs now seek to recover.

    Defendant asserts that Plaintiffs fail to plead a basis for any duty owed by Defendant to Plaintiffs. Specifically, Defendant claims that Plaintiffs have not shown that there is a relationship between "'the owner' (Reames) and 'the one entering' (Horak)" or why Defendant had a duty to construct a platform (Doc. 25-1, p. 6). The Complaint clearly sets forth the premise for the relationship: Reames required the skill of a welder and invited Horak, as an employee of Climate Engineers, onto the property to conduct the necessary work. In order to fulfill the work order, Horak needed a platform. Defendant then agreed to build the appropriate structure from whence Horak could weld. Whether the invitation onto the property and the building of the platform arose as a result of a contractual relationship between Plaintiffs and Defendant or with a third party and

whether Plaintiffs' relationship with the third party somehow impacts Defendant's duty to Plaintiffs and resulting liability for the injuries suffered by Horak is a matter outside the pleadings. Defendant will have the opportunity to develop these allegations more thoroughly in discovery and may raise them again at the appropriate juncture.

      **B.    Subrogation**

Defendant next avers that Climate Engineers has not adequately plead a right of subrogation under Iowa Code § 85.22. Defendant maintains that Plaintiffs have done nothing more than refer to the statute. Generally, the law obliges a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a case of action will not do." Twombly, 550 U.S. at 555. Paragraph 15 of the Complaint standing alone does summarily state that pursuant to Iowa law Climate Engineers has a subrogation interest against any recovery Horak may have against Defendant for his alleged injuries. However, after reading the statute, it is clear that Plaintiffs Complaint as a whole meets the pleading requirements. The Complaint establishes that Horak is an employee of Climate Engineers, that Horak was injured while working in his capacity as an employee, that Climate Engineers paid and is continuing to pay workers' compensation benefits to Horak, and that Climate Engineers consequently has a subrogation interest in any recovery Horak may have against Defendant for the

damages Horak sustained as a result of Defendant's alleged negligence. The Court thus finds that Plaintiffs have adequately met the pleading requirements.

### C. Joinder of an Indispensable Party

Defendant's final basis for requesting that the Court dismiss Plaintiffs' Complaint is that Plaintiffs failed to join an indispensable party under Fed. R. Civ. P. 19. Defendant alleges that Horak performed the welding job as a result of a warranty provision in a contract between Climate Engineers and Iowa Parts. According to Defendant, Iowa Parts, not Defendant, was responsible for providing any equipment required by Horak to undertake the welding assignment. As a result, Iowa Parts is an indispensable party to this litigation. Defendant further points out that the applicable statute of limitations for pursuing a personal injury lawsuit against Iowa Parts has expired, making joinder of Iowa Parts an impossibility. Because Iowa parts cannot be joined, Defendant is left exposed to increased or inconsistent obligations. The remedy for Plaintiffs' failure to include Iowa Parts in the Complaint is dismissal of the action.

Plaintiffs counter Defendant's argument by explaining that even accepting Defendant's allegation of a contractual relationship between Climate Engineers and Iowa Parts as true, that contractual relationship in no way exempted Defendant from the duty to keep its premises safe or the duty to warn Horak of a hazardous condition once Defendant undertook the obligation to provide a safe platform from which Horak could work. Plaintiffs note that by pursuing Defendant

and not Iowa Parts, Plaintiffs seek a determination of whether this Defendant is liable for Plaintiffs' injuries and the extent to which Plaintiffs' damages are attributable to this Defendant's negligence. (Doc. 28, p. 8). According to Plaintiffs, whether Iowa Parts could have been sued does not meet the Rule 19(a) requirements because the Court can afford complete relief between the existing parties.

Under Rule 19(a), a party must be joined to an action where (1) the court cannot render complete relief in that party's absence; or (2) disposing of the case in that party's absence may jeopardize the party's interest or expose an existing party to substantial risk of incurring double, multiple, or inconsistent obligations. In the event that joinder is for some reason not feasible, the court then must determine whether in equity the action should proceed against the existing parties or be dismissed. Fed. R. Civ. P. 19(b). The court should consider (1) the extent to which any judgment entered in the necessary party's absence would prejudice that party or an existing party; (2) the extent to which any prejudice may be addressed by shaping the judgment or other relief; (3) whether the judgment in the party's absence would be adequate; and (4) whether the plaintiff has an adequate remedy if the case is dismissed for nonjoinder. Id.

"The burden is on the movant to show what an absent party is necessary and indispensable such that the suit should be dismissed under Rule 19." Folsom v. LG Electronics U.S.A., Inc., 2009 U.S. Dist. LEXIS 96816, at *5 (N.D. Ga. Oct.

7

19, 2009) (citing Nottingham v. General American Communications Corp., 811 F.2d 873, 880 (1987)). Defendant here has not met the burden of proving that Iowa Parts is an indispensable party. Defendant has alleged nothing more than Iowa Parts contracted with Climate Engineers for the work performed by Horak. The existence of a contract does not negate the premise that Horak, while present at Defendant's facility at the behest of Iowa Parts, still entered Defendant's property at Defendant's invitation and undertook the construction of the faulty platform. Further, while Plaintiffs potentially could have sued Iowa Parts in addition to Defendant for a possible breach of contract or alleged role in the negligent act the part of Iowa Parts that contributed to Horak's injuries, there is no requirement that Plaintiffs do so. See Temple v. Synthes Corp., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. . . . The Advisory Committee Notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual "joint-and-several" liability is merely a permissive party to an action against another with like liability.'").

Additionally, Defendant has not explained how it would be subject to substantial risk of incurring additional or inconsistent obligations in the event that Iowa Parts is not joined to the case. Defendant claims only, "Disposing of this action without Iowa Parts will leave Reames at substantial risk of incurring double, multiple or inconsistent obligations, because Iowa Parts cannot be

8

brought into the case as a Defendant now." (Doc. 25-1, p. 12). Defendant offers no clarification of how or why they have greater exposure. The mere possibility that Defendant might be at increased risk is not enough to invoke Rule 19. Folsom, 2009 U.S. Dist. at *6. Further, if Defendant later can prove that Iowa Parts is in any way at fault for Plaintiffs' damages, the damages may be appropriately apportioned among all responsible parties, including those not named as a party to the suit, which will address any potential prejudice. O.C.G.A. § 51-12-33. Accordingly, Defendant's motion to dismiss Plaintiffs' Second Amended Complaint for failure to join an indispensable party fails as a matter of law and is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Re-Stated Motion to Dismiss (Doc. 25) is denied. Defendant's original Motion to Dismiss (Doc. 5) is denied as moot.

**SO ORDERED**, this 30th day of September, 2014.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks